**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO ROSALES, | NO. CV 10-06768 MMM (SS) |
|     Petitioner, | |
|     v. | **ORDER DISMISSING HABEAS** |
| SALINAS VALLEY STATE PRISON, | **ACTION WITHOUT PREJUDICE** |
|     Respondent. | |

On September 10, 2010, Hugo Rosales ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the laws of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).

Here, it appears from the face of Petitioner's filing that he is not challenging the legality of his conviction, or otherwise claiming to

be in custody in violation of the laws of the Constitution or laws or treaties of the United States. (<u>See</u> Petition at 1, 5-6). The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; <u>see also</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition, however, does not include any claims for federal habeas relief.

Instead, Petitioner is complaining about the conditions of his confinement when he was incarcerated at the Salinas Valley State Prison. (<u>See</u> Petition at 5-6). Petitioner's claims are difficult to understand and somewhat nonsensical, but he makes specific reference to Salinas Valley State Prison, the "Mental Health Delivery System," and "Retaliation" by "FBI operating inside CDCR." (<u>Id.</u> at 6).

Thus, the Court concludes that the jurisdictional requisite for a section 2254 habeas petition has not been met. <u>See</u> <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); <u>see also</u> <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (explaining the distinction between a habeas action and a civil rights action); <u>Hartman v. Summers</u>, 878 F. Supp. 1335, 1347 n.15 (C.D. Cal. 1995) ("[T]he Ninth Circuit has made clear that habeas petitions are limited to attacks upon legality or duration of confinement.").

The Court has also considered whether to ignore the erroneous labeling of the Petition and construe this pleading as a civil rights complaint. <u>See</u> <u>Hanson v. May</u>, 502 F.2d 728, 729 (9th Cir. 1974)

1  ("Despite the labeling of his complaint [as a habeas petition], [the
2  petitioner] was, therefore, entitled to have his action treated as a
3  claim for relief under the Civil Rights Act."); Wilwording v. Swenson,
4  404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) ("Petitioners
5  were therefore entitled to have their actions treated as claims for
6  relief under the Civil Rights Acts . . . ."). However, Petitioner has
7  already lodged a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 in
8  Case No. 10-06769-UA-SS on the same day that he filed the instant
9  Petition, and that complaint includes similar allegations involving
10 Salinas Valley State Prison.[1]  Therefore, it is unnecessary to construe
11 the current petition as a civil rights complaint.

13    Moreover, because Petitioner's claims relate to conditions that
14 occurred during his confinement at the Salinas Valley State Prison,
15 which is located in Monterey County, the proper venue for these claims
16 is the Northern District of California. See 28 U.S.C. § 84(a) (listing
17 \\
18 \\
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\

---

[1] On September 17, 2010, Petitioner's civil rights action was transferred to the Northern District of California.

Monterey County within the jurisdiction of the Northern District of California). Thus, any civil rights action based upon events arising at the Salinas Valley State Prison should only be filed in the Northern District of California.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 6, 2010

*Margaret M. Morrow*
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE